## Case No. 14,739.

### UNITED STATES v. CARTER.

[2 Cranch, C. C. 243.] [1]

Circuit Court, District of Columbia. May Term, 1821.

FORGERY—UTTERING—DELIVERY OF SEALED LETTER—KNOWLEDGE OF CONTENTS—ORDER FOR MONEY.

1. If a person, knowing the contents of a forged letter, and with intent to obtain money thereupon, deliver it, although sealed, to the clerk of the person to whom it is addressed, and whom he supposes to be authorized to open it, this is evidence of uttering it.

[Cited in brief in Smith v. State, 20 Neb. 284, 29 N. W. 924.]

2. The act of knowingly uttering as true a false and forged letter, requesting the person to whom it is addressed to pay to the bearer a sum of money, with intent to defraud any person, is an offence at common law.

The grand jury found two indictments against the prisoner [Jesse Carter] at common law. 1st, for knowingly uttering as true a false and forged letter purporting to be from T. Bayley, and addressed to Mr. Jonah Thompson, requesting him to pay to the prisoner $400, with intent to defraud Mr. Thompson. There was another count charging the same as being done with intent to defraud Mr. Bayley. The 2d indictment was for uttering a similar letter purporting to be from Israel Janney, and addressed to John Janney, requesting him to pay money to one John Preston.

THE COURT (nem. con.) at the request of Mr. Swann, for the United States, instructed the jury, that if they should be satisfied by the evidence that the prisoner knew the contents of the letter, and presented it to a person who he supposed was authorized to open it. and with intent to obtain money thereupon, it was evidence of uttering it.

The jury found the prisoner guilty upon each indictment.

Mason & Taylor, for prisoner, moved in arrest of judgment. and contended that the indictments did not show any offence at common law. That it was only an attempt to defraud by false pretences, which is only a statute offence. That no person has been actually defrauded, and that an unsuccessful attempt to defraud a person is not an offence at common law. If the attempt had been punishable at common law, there would have been no necessity for the statute of false pretences. They cited 1 Chit. Cr. Law, 421; Rex v. Wheatly, 2 Burrows, 1127; Young v. Rex, 3 Term R. 104; 2 East, 817; 3 Chit. Cr. Law, 428; St. 33 Hen. VIII. of False Tokens, and the Virginia Statute of False Tokens (November 18, 1789, p. 45); 1 Hawk. P. C. p. 182, c. 70; Id. p. 187, c. 71.

Mr. Swann, contra, cited Ward's Case, 2 Ld. Raym. 1461; Com. v. Searle, 2 Bin. 332; Savage's Case, Styles, 12.

THE COURT (THRUSTON, Circuit Judge, absent.) overruled the motion, and entered the judgment.